United States Court of Appeals

For the Eighth Circuit

_____

No. 26-1072

_____

United States of America

*Plaintiff - Appellee*

v.

Vanessa Gonzalez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: July 28, 2026
Filed: July 31, 2026
[Unpublished]

_____

Before GRUENDER, SHEPHERD, and JUSTIN D. SMITH, Circuit Judges.

_____

PER CURIAM.

Vanessa Gonzalez appeals the sentence imposed by the district court[1] after she pled guilty to a drug offense pursuant to a plea agreement containing an appeal

---

[1] The Honorable Robert F. Rossiter, Jr., then Chief Judge for the District of Nebraska, now United States District Judge for the District of Nebraska.

waiver. Her counsel has moved to withdraw, and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the substantive reasonableness of the sentence. In a pro se brief, Gonzalez challenges the effectiveness of counsel and requests oral argument, new appointed counsel, and to seal her brief.

We conclude Gonzalez's challenge to the effectiveness of counsel is more appropriate for collateral review and thus decline to consider it on direct appeal. <u>See</u> <u>United States v. Ramirez-Hernandez</u>, 449 F.3d 824, 826-27 (8th Cir. 2006) (stating that ineffective-assistance claims are usually best litigated in collateral proceedings where record can be properly developed). Upon careful review, we conclude the appeal waiver is valid, applicable and enforceable to the issue raised in the <u>Anders</u> brief. <u>See</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing de novo the validity and applicability of an appeal waiver); <u>United States v. Andis</u>, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (stating that an appeal waiver will be enforced if the appeal falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and the waiver, and enforcing the waiver would not result in a miscarriage of justice).

Having independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we deny Gonzalez's requests, grant counsel's motion to withdraw, and dismiss the appeal.

_____